CAUSE NO. _____

| | | |
|---|---|---|
| **BRETT ALAN MOORE** | } | **IN THE DISTRICT COURT OF** |
| | } | |
| | } | |
| **Plaintiff** | } | |
| | } | |
| **v.** | } | **SOUTHERN DISTRICT OF TEXAS** |
| | } | |
| **FLAGSTAR BANK, NA** | } | United States ⬚⬚⬚ |
| **LAKEVIEW LOAN SERVICING,** | } | Southern Dis⬚⬚ |
| **LLC** | } | F ⬚ ⬚ |
| **CENLAR, FSB** | } | SEP 0 5 2023 |
| **MCCARTHY AND HOLTHUS, LLP** | } | |
| | } | Nathan Ochsner, Clerk of Court |
| | } | |
| **Defendants.** | } | **HARRIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes Now Plaintiff Brett Alan Moore and files this Plaintiff's Original Petition, and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, and in support shows the Court as follows:

### I.
### PARTIES

Plaintiff BRETT ALAN MOORE is an individual residing in Harris County, Texas at 17115 Canyon Ridge Dr., Spring, Texas 77379.

Defendant FLAGSTAR BANK NA, a National Association bank doing business in Texas without a registered office and without a registered agent. Defendant Flagstar Bank, NA., may be served with process by transmitting process to the Texas Secretary of State in accordance with the requirements of Texas Civil Practice & Remedies Code Section 17.044(b), to the Citations

Unit, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079, directed to Flagstar Bank, NA's corporate headquarters located at 5151 Corporate Dr., Troy, MI 48098. Service of Flagstar Bank, NA as described above can be effected by certified mail, return receipt requested.

Defendant CENLAR, FSB., is a Full Service Bank can also be served under 17.044(b) directed to CENLAR, FSB's corporate headquarters located at., Ewing Township, New Jersey, 08618. Service of CENLAR, FSB., as described above can be effected by certified mail, return receipt requested.

Defendant LAKEVIEW MORTGAGE, LLC., is a registered LLC., in Florida, and can also be served under 17.044(b) directed to Lakeview Mortgage, LLC's corporate headquarters located at 4425 Ponce De Leon Blvd., MS 5-251, Coral Gables, Florida 33146. Service of Lakeview Mortgage, LLC., as described above can be effected by certified mail, return receipt requested.

Defendant MCCARTHY AND HOLTHUS, LLP., is a multi-state law firm, and can be serviced at its Texas registered office located at 1255 West 15th Street, Suite 160, Plano, Texas 75075. Defendant McCarthy and Holthus has been advised of lis pendens via certified mail, (USPS receipt available), and signed for the notice at 5:26pm, August 28, 2023. In addition, the letter asked McCarthy and Holthus to stop the foreclosure action pending investigations by the FBI and the SBA, OIG out of abundance of caution, and they refused.

## II.
## SELECTION OF DISCOVERY LEVEL

Plaintiff pleads that discovery should be conducted in accordance with a discovery control plan under Texas Rule of Civil Procedure 190.3 (Level 2).

## III.
## JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this Court. This Court has jurisdiction over the parties because Plaintiff is a resident of Texas and Defendants are conducting business in Texas.

Venue in Harris County is proper in this cause under Section 15.002 and / or Section 15.011 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this county, or this action involves real property as provided by said Section 15.011, and this county is where the real property is located.

## IV.
## FACTS

This case arises from a dispute over the attempt by the Defendants to take possession of Plaintiff's residential property located at 17115 Canyon Ridge, Dr., Spring, Texas 77379 by fraudulent and wrongful foreclosure scheduled in Harris, County, Texas on September 5, 2023 in an ongoing conspiracy originated on or about July 3, 2018.

The legal description is as follows:

LOT FIFTY-NINE (59), IN BLOCK FIVE (5), OF CHAMPION SPRINGS, SECTION THREE (3), AN ADDITION TO HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP, OR PLAT THEREOF RECORDED IN FILM CODE NO. 375146, OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS. COMMONLY KNOWN AS: 17115 CANYON RIDGE DR., SPRING, TEXAS 77379

On or about May 4, 2016, Plaintiff made a first-lien Note to AMCAP Mortgage, LLC., (AMCAP) in the original principal amount of $209,000.00 (the "Note").

From June 1, 2018 until August 31, 2018, Defendant CENLAR, FSB, (CENLAR) acting as the servicer for beneficiary, and Co-Defendant, Lakeview Mortgage Servicing, LLC., (Lakeview) used the "in transfer" status of the mortgage loan to facilitate an ongoing conspiracy

against the Plaintiff with the intent to escalate the mortgage, foreclose on the property and deprive the Plaintiff of the just and lawful possession of the Property.

CENLAR was not authorized to accept a payment during the transfer of the mortgage loan from AMCAP to Lakeview until granted that authority by the Government National Mortgage Association (GNMA) on July 3, 2018.

Due to the June 1, 2018 transfer of the loan, the Plaintiff attempted TO, but was prevented FROM making payment on a preexisting Disaster Loan Trial Modification between AMCAP and the Plaintiff, due to CENLAR's unlawful refusal to accept the payment on July 3, 2018.

Due to the transfer of the Note, the Plaintiff was literally not allowed to pay the originator of the loan, AMCAP, nor the beneficiary, Lakeview, nor the new servicer, CENLAR from June 1, 2018, until July 3, 2018. GNMA can verify this IRREFUTABLE fact, as can AMCAP.

The Plaintiff will show that beginning on July 3, 2018, CENLAR, FSB entered into a criminal enterprise to fraudulently cancel an approved Disaster Trial Loan Modification, dated May 18, 2018 with the Originator of the loan, AMCAP and the Plaintiff. CENLAR further conspired to fraudulently deny the Plaintiff's subsequent Disaster Trial Loan Modification (DTLM) request in a letter dated: August 6, 2018 based on the false claim that the Plaintiff "missed the first trial payment on July 1, 2018." The terms of the May 18, 2018, DTLM with AMCAP clearly provide for the first trial payment scheduled on July 1, 2018 to occur within the calendar month of July, 2018, without cancelation of the agreement.

On or about August 6, 2018, the Plaintiff requested a third DTLM from CENLAR. That, and every subsequent DTLM was denied, or "timed out", or were filed in Harris County for foreclosure multiple times until CENLAR's loan administration rights were rescinded by the

issuer, GNMA and reassigned to Flagstar in January, 2021.

Between August 24, 2018 – August 31 – 2018, CENLAR, FSB conceived of, and initiated a conspiracy to obstruct the United States of America (Government) by secrecy and deciet, and in furtherance of its continuous fraudulent administration of the Note, CENLAR initiated a criminal enterprise to further its attempt to deprive the Plaintiff of the Property. The facts regarding the Plaintiff's allegations are presented below:

On or about August 20, 2018, the Plaintiff requested the second installment of $41,500 from the proceeds of the approved $91,500 Small Business Administration (SBA) disaster loan that the Plaintiff obtained to repair the documented damage to the Property from the "Presidentially" declared disaster commonly known as "Hurricane Harvey", in which the Property is located; well within one of the Presidentially declared Hurricane Harvey, zip codes, 77379. Since the fraud occurred in relation to, or involving any benefit authorized, transported, transmitted, transferred, DISBURSED, or PAID in connection with, a Presidentially declared major disaster or emergency (as those terms are defined in section 102 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act (42 U.S.C. 5122)), the Defendants are in violation of said statute and subject to any relief due to the Plaintiff, or any and all penalties or prosecutions authorized by law .

The Plaintiff's SBA Loan Officer, Jordan M. Herman (Mr. Herman), suspected that the SBA's inferior lien was at risk due to the improper servicing of the Note. Mr. Herman was also concerned about the associated risk to the guarantor of the loan, the Veteran's Administration (VA) loan program and to the issuer of the loan, (GNMA). On August 24, 2018, the Plaintiff, in coordination with Mr. Herman asked for a payoff quote from "Ms. Bell", of CENLAR's "Escalation Department".

After receiving the payoff quote on August 27, 2018, Mr. Herman rejected the offer because it included what he called "inappropriate fees and interest" to be added to the principle of the loan. Mr. Jordan asked for and received an acceptable payoff quote on August 29, 2018, from Ms. Bell.

Ms. Bell was well aware of the SBA's intention to protect its inferior lien, by buying the note, and combining the Note with the SBA disaster loan at 1.75% for thirty years.

The Plaintiff will show that Defendant CENLAR, FSB., on behalf and for the benefit of Defendant and Beneficiary, Lakeview Mortgage, LLC., initiated a criminal conspiracy to obstruct the SBA from purchasing the Note, thereby preventing the SBA from protecting the assets of the SBA, The VA and GNMA (the Government); and to further deprive the Plaintiff of the security and comfort of his lawful occupation and enjoyment of the Property and to enrich the participants of the ongoing criminal enterprise.

The Plaintiff will also show that Defendant, Flagstar Bank, NA., whether willingly, or unknowingly, furthered the criminal enterprise by improperly instructing Defendant McCarthy and Holthus, LLP., to file an instrument of foreclosure regarding the Harris County Trustee's sale scheduled on September 5, 2018. The Plaintiff will also demonstrate that Defendants, Lakeview Mortgage LLC., Flagstar Bank, NA., and McCarthy and Holthus, LLP., were each made well aware of the allegations of conspiracy, obstruction and fraud levied by the Plaintiff in regard to Defendant, CENLAR, FSB., and refused to intervene to halt the foreclosure on the Property scheduled for September 5, 2023, in Harris County, Texas, thereby continuing, aiding and abetting the ongoing criminal enterprise.

The defendants were all duly notified that, in addition to a complaint filed with the Consumer Finance Protection Bureau (CFPB), there are presently ongoing investigations into the above relevant matters by the Federal Bureau of Investigation (FBI), the SBA's Office of Inspector General (SBA OIG) and the National Center for Disaster Fraud (NCDF), and once again, three of the Defendants, who each have the responsibility and duty to stop the foreclosure action in light of the Government investigations underway, refused to intervene, thereby by willful inaction, have affirmed their involvement in the ongoing fraud, conspiracy, obstruction and have rejected any future claims of ignorance or unwilling participation.

Simple prudence dictates that the potential for irreparable harm to the Plaintiff through the loss of his home outweighs any damage to the Defendants, as they are large, for-profit entities, and the Plaintiff is a disabled veteran on a fixed income, and acting pro se in this matter. For these reasons and other prudent considerations, the Trustee's sale of the Property scheduled for September 5, 2023, should be restrained until a proper investigation into the relevant matters by (The Government) is conducted and concluded. Individual complaint and case numbers are available to the court or to the Defendants upon request.

## V.
## REQUEST FOR ISSUANCE OF A TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

Plaintiff requests that this Court enter a temporary restraining order that Defendants and Defendant's officers, employees, agents, representatives, and attorneys are temporarily restrained and enjoined from foreclosing on the Property, and order a hearing for a temporary injunction, granting the relief requested herein.

Without this relief, Plaintiff will suffer an imminent and irreparable injury by reason of

being dispossessed from his Property for which there is no adequate remedy at law.

## VI.
## DAMAGES AND ATTORNEYS' FEES

Plaintiff requests the recovery of actual damages caused by Defendant's actions, and requests recovery of his reasonable and necessary attorney's fees as allowed by law.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to appear and answer herein, and that this Court grant the relief, including declaratory relief and injunctive relief, requested herein and issue such writs and processes to preserve the Plaintiff's possession of the Property, together with his damages, court costs associated with filing pro se and any and all future attorney's fees regarding this matter, and further prays that this Court grant such other and further relief in law and in equity to which Plaintiff may show himself to be justly entitled.

Respectfully submitted,


    /s/
BRETT ALAN MOORE
UNITED STATES NAVY (RETIRED)
PRO SE LITIGANT
17115  Canyon Ridge Dr.
Spring, Texas 77379
Tel: 713 -376- 2218
Email: brett@twinpyre-productions.com
Plaintiff