IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRETT ALAN MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-03290 |
| | § | |
| FLAGSTAR BANK, NA; | § | |
| LAKEVIEW LOAN SERVICING, LLC; | § | |
| CENLAR, FSB; and | § | |
| MCCARTHY AND HOLTHUS, LLP | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT CENLAR, FSB'S REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant Cenlar, FSB ("Cenlar") files this Reply in Support of its Motion to Dismiss (Doc. 17) and would respectfully show as follows:

**A.   The discovery rule does not save Plaintiff's claims.**

In his Response to Cenlar's Motion to Dismiss, Plaintiff argues the limitations period on his fraud and civil conspiracy claims should be tolled because he did not discover Cenlar's purported misrepresentation, which he alleges was made on August 30, 2018, until July 2023.[1] This alleged misrepresentation is what purportedly prompted the SBA to "no longer purchase the loan."[2] It is unclear how this alleged misrepresentation caused any of Plaintiff's purported damages. In any event, Plaintiff's discovery rule argument fails, and the limitation period on Plaintiff's claims should not be tolled.

The fraudulent concealment doctrine tolls limitations until the fraud is discovered or could have been discovered with reasonable diligence. *Colonial Penn Ins. Co v. Market Planners Ins.*

---

[1] Pl.'s Resp. to Def.'s Mot. to Dismiss ("Response") (Doc. 20) at 7.
[2] *Id.* at 4.

*Agency, Inc.*, 1 F.3d 374, 377 (5th Cir. 1993). However, the estoppel effect of fraudulent concealment ends when a party learns of facts, conditions, or circumstances which would cause a reasonably prudent person to make inquiry which, if pursued, would lead to the discovery of the concealed cause of action. *Id.*; *Middaugh v. InterBank*, 528 F. Supp. 2d 509, 540 (N.D. Tex. 2021). "*Knowledge of such facts is in law equivalent to knowledge of the cause of action.*" *Colonial Penn*, 1 F.3d at 377 (emphasis in original) (citing *Borderlon v. Peck*, 661 S.W.2d 907 (Tex. 1983)).

In this case, even if Plaintiff was not aware of Cenlar's purported misleading statement (which seems to be contradicted by his pleadings), he was at least aware that the SBA's purchase of his loan fell through in 2018.[3] He further alleges in his Petition that former Defendant Flagstar Bank and Defendant McCarthy and Holthus, LLP "furthered the criminal enterprise" by filing "an instrument of foreclosure regarding the Harris County Trustee's sale scheduled on September 5, 2018."[4] Plaintiff thus was on notice of facts which should have lead him, were he prudent, to inquire as to the potential communications between Cenlar and the SBA. Instead of investigating his potential claims in 2018, he waited five years to file suit. Plaintiff has not plead facts which would justify the application of the discovery rule to his claims, and they are therefore time-barred and should be dismissed.

### B.     *Cenlar is not Plaintiff's fiduciary.*

Plaintiff also argues the limitations period for his fraud claims should be tolled because Cenlar owed him a fiduciary duty.[5] Cenlar owed Plaintiff no such duty. The relationship between borrowers and lenders does not amount to a fiduciary relationship. *Mfrs. Hanover Trust Co. v. Kingston Investors Corp.*, 819 S.W.2d 607, 610 (Tex. App.—Houston [1st Dist.] 1991, no writ);

---

[3] Petition (Doc. 1) at 6; Response (Doc. 20) at 5.
[4] Petition (Doc. 1) at 6.
[5] Response (Doc. 20) at 7.

2

*In re Absolute Resource Corp.*, 76 F. Supp. 2d 723, 734 (N.D. Tex. 1999). The only time a special relationship has been found between a lender and borrower is when there is excessive lender control over, or influence in, the borrower's business activities. *Bank One, Tex., NA v. Stewart*, 967 S.W.2d 419, 442 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). Mere subjective trust by the borrower or evidence of prior dealings is not sufficient to establish a fiduciary relationship. *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962).

To the extent that any of Plaintiff's claims are based on an alleged fiduciary duty between himself and Cenlar, those claims fail as a matter of law. Similarly, Plaintiff cannot base his tolling arguments on any alleged fiduciary duty.

**C.**     ***Plaintiff cannot maintain a wrongful foreclosure claim against Cenlar.***

As Plaintiff admits in his Petition, servicing of his loan transferred from Cenlar to Flagstar Bank, NA in January 2021.[6] Cenlar was not servicing his loan at the time of foreclosure, and Plaintiff does not allege Cenlar posted the Property for foreclosure.[7]  As alleged in his Petition, Plaintiff claims former Defendant Flagstar Bank was the entity pursuing foreclosure.[8] Therefore, Cenlar cannot be liable under a wrongful foreclosure claim. *See Sanchez v. Mort. Elec. Reg. Sys., Inc.*, No. 2018 WL 4103248, at *3 (S.D. Tex. July 12, 2018) (dismissing wrongful foreclosure claim because defendant was not the lender and had not sought foreclosure).

**D.**     ***Plaintiff has not alleged the elements of a wrongful foreclosure claim.***

Even if Cenlar was Plaintiff's lender at the time of foreclosure, which is denied, Plaintiff's wrongful foreclosure claim still fails as a matter of law. Plaintiff filed his Petition on September

---

[6] Petition (Doc. 1) at 4-5.
[7] *Id.* at 6.
[8] *Id.*

3

5, 2023, the day he alleges the foreclosure of the subject Property was to take place.[9] He seeks injunctive relief preventing foreclosure in his Petition.[10] Based on the facts plead in the Petition, Cenlar correctly pointed out that Plaintiff's wrongful foreclosure claim failed as a matter of law because a foreclosure sale is a precondition to recovery under such a theory.[11]

In his Response, Plaintiff argues this claim survives because foreclosure subsequently occurred.[12] This argument fails. In order to succeed on this cause of action, Plaintiff must allege and prove that there was a defect in the proceedings that lead to a grossly inadequate sales price. *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011). Allegations of wrongful conduct occurring prior to the foreclosure are not sufficient to establish a wrongful foreclosure claim. *Id.* at 730; *Charter Nat'l Bank-Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied) ("Mere irregularities in the foreclosure process do not give rise to a wrongful foreclosure claim.").

Plaintiff has made no allegations—whether in his Petition or in his Response—that there was defect in the foreclosure proceeding itself or that there was a grossly inadequate sales price.[13] This failure is fatal to his wrongful foreclosure claim. *Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 577 (S.D. Tex. 2012) (dismissing wrongful foreclosure claim because plaintiff failed to allege facts identifying an irregularity in the sale that caused a grossly inadequate sales price). Plaintiff's wrongful foreclosure claim thus fails and should be dismissed.

---

[9] *Id.* at 7 ("For these reasons and other prudent considerations, the Trustee's sale of the Property scheduled for September 5, 2023, should be restrained until a proper investigation into the relevant matters by (The Government) is conducted and concluded.").
[10] *Id.*
[11] Def. Cenlar, FSB's Mot. to Dismiss (Doc. 17) at 7.
[12] Response (Doc. 20) at 5.
[13] *See* Petition (Doc. 1); Response (Doc. 20).

Defendant Cenlar, FSB respectfully requests the Court GRANT its Motion to Dismiss (Doc. 17), DISMISS WITH PREJUDICE the claims asserted by Plaintiff Brett Moore, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

By: */s/ Melissa Gutierrez Alonso*
**MELISSA GUTIERREZ ALONSO**
Texas Bar No. 24087648
Fed. I.D. No. 2255351
mgutierrez@bradley.com
600 Travis Street, Suite 5600
Houston, Texas 77002
(713) 576-0300 Telephone
(713) 576-0301 Telecopier
***ATTORNEY FOR DEFENDANT***

## CERTIFICATE OF SERVICE

I certify that on this 16th day of February, 2024, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that a true and correct copy of the foregoing has been served on Plaintiff as follows:

*Via Email:* brett@twinpyre-productions.com
Brett Alan Moore
17115 Canyon Ridge Dr.
Spring, Texas 77379
Tel: (713) 376-2218
*Plaintiff*

/s/ Melissa Gutierrez Alonso
Melissa Gutierrez Alonso